UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC T. BAKER,

                Plaintiff,

-against-

GVS PROPERTIES d/b/a ALMA REALTY CORP.,

                Defendant.

22-CV-3745 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331. By order dated August 16, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without payment of the filing fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

Plaintiff Eric T. Baker, who is a tenant at 701 W. 175th Street, Apt. 4K, New York, New York, brings this complaint against the management company for his apartment building. Plaintiff alleges that, on April 30, 2022, he noticed a leak in his kitchen and, approximately 30 minutes later, the ceiling collapsed and a block of cement landed on his head. Plaintiff alleges that there was a problem with the ceiling for a year or two prior to the date of incident. He further alleges that, on February 15, 2022, the ceiling in his bedroom collapsed, he reached out to Defendant, and the problem was fixed the next day. In addition, Plaintiff alleges that the pipes in his apartment have been continuously clogged, and the "furnace in [his] bedroom does not heat." (ECF No. 1 at 8.) He reports that he has also had issues with not having hot water and the

2

exterminator not coming regularly. Plaintiff believes the apartment is not up to code, and that his concerns have not been remedied by the building superintendent. (*Id.* at 9.)

Plaintiff brings this action seeking to have the Court assist him "in ascertaining whether it would be just to charge [him] the market rate price considering the apartments [sic] condition." (*Id.* at 9.) Plaintiff seeks the following relief:

(a) Renewed lease that stipulates Rent Stabilized as it pertains to my tenancy at my residence[;]
(b) Removal of joint tenant Raphael Attelier as stipulated on original rent ledger[;]
(c) A damages award to the plaintiff, Eric T. Baker; and
(d) All other relief as the interests of justice require.

(*Id.*)

## DISCUSSION

**A.   Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

3

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

1. **Federal Question Jurisdiction is Lacking**

Plaintiff fails to state a federal claim. To invoke federal question jurisdiction, a plaintiff's claim must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

The relief that Plaintiff seeks is to have the Court order Defendant to renew his lease as rent stabilized and remove a joint tenant from the rent ledger. He also seeks to be awarded money damages. But "federal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters." *Galland v. Margules*, No. 05-CV-5639 (DC), 2005 WL 1981568, at *1 (S.D.N.Y. Aug. 17, 2005); *see also McMillan v. Lisco Holdings L.L.C.*, No. 13-CV-4569 (KBF), 2013 WL 5550332, at *2 (S.D.N.Y. Oct. 2, 2013); *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (collecting cases); *Soms v. Aranda*, No. 00-CV-9626 (DLC), 2001 WL 716945, at *1 (S.D.N.Y. June 26, 2001) (noting that landlord-tenant actions "involve[] complex questions of state law"). Plaintiff has not pleaded facts showing that his claim arises under federal law. There is, therefore, no basis for federal question jurisdiction.

### 2. Diversity of Citizenship Jurisdiction is also Lacking

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action under 28 U.S.C. § 1332. To establish diversity jurisdiction, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both he and Defendant reside in New York, precluding complete diversity of citizenship.

### B. Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff has not pleaded any facts suggesting that there is a basis for this Court to exercise jurisdiction, the defects in Plaintiff's complaint cannot be cured with an amendment. The Court therefore declines to grant Plaintiff leave to amend his complaint.

### C. Litigation History

Plaintiff has filed five other cases in this court since April 15, 2022. *See Baker v. Obama*, ECF 1:22-CV-3125, 8 (S.D.N.Y July 11, 2022) (dismissing complaint as frivolous); *Heights in Paris v. Almanzar*, ECF 1:22-CV-3224, 9 (S.D.N.Y. June 16, 2022) (dismissing complaint filed on behalf of an entity); *Baker v. Yale*, ECF 1:22-CV-3222, 3 (S.D.N.Y. Apr. 21, 2022) (transferring matter to the United States District Court for the District of Connecticut); *Baker v. Jamaica*, ECF 1:22-CV-4452, 4 (S.D.N.Y. June 7, 2022) (transferring complaint to the Eastern

District of New York). By order dated July 26, 2022, the Court warned Plaintiff, pursuant to 28 U.S.C. § 1651, that further meritless litigation in this court may result in an order barring him from filing new actions IFP without prior leave of court. *See Baker v. Lewis-Ashley*, ECF 1:22-CV-4971, 5 (S.D.N.Y. July 26, 2022). That warning remains in effect.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction.[1] *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff's motion for permission for electronic filing (ECF No. 6) and motion for default judgment (ECF No. 7) are denied as moot.

Plaintiff remains warned that further meritless litigation in this court may result in an order barring him from filing new actions IFP without prior leave of court. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to issue judgment in this case.

SO ORDERED.

Dated:   August 22, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

---

[1] The Court's dismissal of this action does not preclude Plaintiff from pursuing his claims against Defendant in the appropriate state court.